**BISHOP PROCESSING COMPANY, a body corporate of the State of Maryland,**

v.

**John W. GARDNER, Secretary of Health, Education & Welfare of the United States.**

**Civ. No. 18496.**

United States District Court

D. Maryland.

Nov. 16, 1967.

W. Edgar Porter, David H. Clark and Porter, Cullen & Clark, Salisbury, Md., for plaintiff.

Stephen H. Sachs, U. S. Atty., and Theodore R. McKeldin, Jr., Asst. U. S. Atty., Baltimore, Md., and Walter Kiechel, Jr., Atty., Dept. of Justice, Washington, D. C., for defendant.

THOMSEN, Chief Judge.

Bishop Processing Company (Bishop) has filed a "Petition for Declaratory Judgment and for Judicial Review under the Federal Administrative Procedure Act" of certain rulings made by a hearing board at a public hearing held under the provisions of the Clean Air Act, 42 U.S.C.A. § 1857 et seq.[1] Jurisdiction is claimed not only under the Administrative Procedure Act, but also under 28 U.S.C.A. § 1331.

The defendant, Secretary of Health, Education and Welfare (the Secretary),

1. P.L. 88–206, Dec. 17, 1963, 77 Stat. 392, as amended by P.L. 89–272, Oct. 20, 1965, 79 Stat. 992, and P.L. 89–675, Oct. 15, 1966, 80 Stat. 954.

has filed a motion to dismiss on the grounds that the petition does not present a claim upon which relief can be granted, that the Administrative Procedure Act does not authorize the judicial review sought, and that it does not submit the Secretary to this Court's jurisdiction.

Bishop operates a chicken processing plant at Bishopville, Maryland, across the state line from Selbyville, Delaware. The Delaware health authorities, as well as residents of that State, contend that Bishop discharges malodorous, noxious pollutants into the air, which move across the state line and pollute the air in Delaware.

The administrative proceeding involved in this case was initiated by a request of the Delaware State Air Pollution Control Authority under section 105(c) (1) (A) of the Clean Air Act, 42 U.S.C.A. 1857d (c) (1) (A). All future references to sections herein will, unless otherwise indicated, be to sections of 42 U.S.C.A. In response to that request, a conference was called and held in Selbyville, Delaware, on November 9 and 10, 1965. The statute limits participants in such a conference to the federal government and the states and municipalities concerned, although the alleged polluter may be invited to the conference by the agencies called to attend. Section 1857d(c) (2). Bishop did not formally appear at the conference and did not request the opportunity to make a statement.

Pursuant to section 1857d(d), the Secretary forwarded to the conference participants a summary of the conference discussions and recommendations for remedial action. Those recommendations called upon the Maryland authorities to require Bishop to complete certain remedial action on or before September 1, 1966.

Under section 1857d(e) (1), the Secretary is authorized to call a public hearing if "at the conclusion of the period so allowed [for remedial action], such remedial action or other action which in the judgment of the Secretary is reasonably calculated to secure abatement of such pollution has not been taken".

Appropriate findings to that effect were included in a Notice of Public Hearing Concerning Interstate Air Pollution in the Selbyville, Delaware-Bishop, Maryland area, which the Secretary issued on April 21, 1967. Copies of the Notice of Public Hearing and of the "Hearing Procedures" for that hearing were sent to Bishop, and to the Maryland State Department of Health, the Delaware State Air Pollution Authority, the Worcester County (Maryland) Department of Health and the Town of Selbyville. The composition of the Board and the hearing procedures were in accordance with Part 81 of Title 42, C.F.R., set out in the Notice of Proposed Rule Making, dated March 28, 1967, published in the Federal Register on April 3, 1967.

The Hearing Board met on May 17 and May 18, 1967, heard testimony and received other evidence. Bishop was represented by counsel, who made and raised 38 objections to evidence and other points, listed in its petition herein, challenging inter alia the authority and composition of the Hearing Board.

The Hearing Board made findings and recommendations and forwarded them to the Secretary, as required by section 1857d(e) (2). Such a Board is not authorized to issue any order, but its recommendations are not subject to review or modification by the Secretary, who is required by law to forward the findings and recommendation of the Board to the polluter, together with a notice specifying a reasonable time (not less than six months) to secure abatement of the pollution (see section 1857d(e) (3)). Accordingly, on May 25, 1967, the Secretary sent the following notice to Bishop:

"THE SECRETARY OF HEALTH, EDUCATION, AND WELFARE WASHINGTON

In the Matter of
INTERSTATE AIR POLLUTION IN SELBYVILLE, DELAWARE-BISHOP, MARYLAND, AREA
NOTICE

"There are attached hereto, and made a part hereof, the Findings, Con-

clusions, and Recommendations, dated May 19, 1967, of the Hearing Board convened pursuant to the provisions of section 105(e) (1) of the Clean Air Act [42 U.S.C. 1857d(e) (1)] which held a public hearing in the matter of the interstate air pollution in the Selbyville, Delaware-Bishop, Maryland area.

"In accordance with section 105(e) (3) of the Clean Air Act [42 U.S.C. 1857d(e) (3)] the Bishop Processing Company, Bishop, Maryland is hereby notified and directed to cease and desist from discharging malodorous air pollutants and to abate such air pollution not later than December 1, 1967, by the installation, completion and placing into operation adequate and effective control systems and devices, as recommended by the Hearing Board.

"Dated: May 25, 1967

(S) John W. Gardner

Secretary"

The Secretary is not authorized to impose any sanctions for failure to comply with such a "notice" and what is "directed" therein. What the Secretary *may* do is set out in section 1857d(f) and (g), which provide in pertinent part:

"(f) If action reasonably calculated to secure abatement of the pollution within the time specified in the notice following the public hearing is not taken, the Secretary—

"(1) in the case of pollution of air which is endangering the health or welfare of persons in a State other than that in which the discharge or discharges (causing or contributing to such pollution) originate, may request the Attorney General to bring a suit on behalf of the United States to secure abatement of pollution * * * *"

*      *      *      *      *      *

"(g) The court shall receive in evidence in any suit brought in a United States Court under subsection (f) of this section a transcript of the proceedings before the board and a copy of the board's recommendations and shall receive such further evidence as the court in its discretion deems proper. The court, giving due consideration to the practicability of complying with such standards as may be applicable and to the physical and economic feasibility of securing abatement of any pollution proved, shall have jurisdiction to enter such judgment, and orders enforcing such judgment, as the public interest and the equities of the case may require."

The time has not yet arrived when the Secretary may request the Attorney General to bring such a suit.

At the argument on the motion to dismiss Bishop's present petition, Bishop's counsel stated that they would not press this petition if they could be assured that Bishop will be able to raise, in a suit which may be brought against it under section 1857d(f) and (g), the points which are raised in the present petition. The Secretary is not able to give such an assurance, and urges the points raised in his motion to dismiss.

*1. The Administrative Procedure Act.* Section 10 of the Administrative Procedure Act (now embodied in the Act of September 6, 1966, 80 Stat. 378, and codified as 5 U.S.C.A. §§ 701–706, provides in pertinent part:

" § 702. Right of review

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

" § 703. Form and venue of proceeding

"The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction. Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency ac-

tion is subject to judicial review in civil or criminal proceedings for judicial enforcement.

"§ 704.   Actions reviewable

"Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.   *   *   *"

The scope of review is set out in 5 U.S.C.A. § 706.

The agency action in this case, i. e. the Notice of May 25, 1967, quoted above, amplified by the Findings, Conclusions and Recommendations of the Hearing Board, are "subject to judicial review in civil or criminal proceedings for judicial enforcement", within the meaning of 5 U.S.C.A. § 703. The question remains whether there is an "adequate remedy in a court", within the meaning of 5 U.S.C.A. § 704.

Counsel for Bishop argues that the suit provided for in the Clean Air Act, 42 U.S.C.A. § 1857d(f) and (g), quoted above, is not a trial de novo, since subsection (g) provides that the Court shall receive in evidence the transcript of the proceedings before the board and a copy of the board's recommendations, and shall receive "such further evidence as the Court in its discretion deems proper". It is true that such a proceeding falls somewhere between (a) what is ordinarily considered a trial de novo and (b) a judicial review of an administrative order or other action where no additional evidence is taken and the test is whether there is substantial evidence in the record considered as a whole to support the order or action. But the question here is not whether the suit under section 1857d(f) and (g) is a trial de novo; the question is whether the agency action is subject to judicial review in such a suit, and whether that remedy is adequate.

Undoubtedly, the court is given power to modify or refuse to enforce the recommendations made by the board. See the last sentence of section 1857d(g), quoted above. But, asks Bishop, does the prospective defendant in such a suit have the right to challenge the constitutionality of the Clean Air Act, the composition of the hearing board, the "factual content" of the several resolutions, the adequacy of the proceedings before the board, procedural due process, and the admissibility of various items of evidence?

The principles of sound judicial administration indicate that the answer should be "yes". No case arising under the provisions of the Clean Air Act has been cited or found, so appropriate procedures in a suit under section 1857d (f) and (g) must be established. The Federal Rules of Civil Procedure permit Bishop to raise its points by preliminary motions or at the trial as fully and as satisfactorily as they could be raised in the present proceeding. Specifically, the Court may be asked to rule in advance of trial on the admissibility of items of evidence received by the board, so that the parties may know, e. g., whether a document offered before the board will be considered by the court, or whether the fact must be proved in some other way. If the Rules of Civil Procedure are applied flexibly to accomplish their purpose, there is no reason why the enforcement proceeding under section 1857d (f) should not afford an adequate opportunity for Bishop to raise any point it might be legally entitled to raise in the present proceeding. Moreover, if the Secretary does not ask the Attorney General to bring a suit under section 1857d (f), the many questions raised by Bishop need not be answered. It follows that the Administrative Procedure Act does not require or authorize the present petition for review.

*2. Ripeness.* Bishop claims jurisdiction not only under the provisions of the Administrative Procedure Act, but also under 28. U.S.C.A. § 1331. The Secretary argues that the dispute between the

parties is not yet ripe for judicial decision. There is merit in the Secretary's argument; see the discussion of many analogous cases in Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). Plaintiff has not shown the necessity for any injunctive or declaratory relief at this time.

3. *Venue.* It may be true, as the Secretary argues in his brief, that the Administrative Procedure Act does not enlarge the jurisdiction of the federal courts nor submit federal officers to suits outside their official residences not authorized by other statutes. Nevertheless, it would appear that venue is properly laid in this district under 28 U.S.C.A. § 1391(e).

*Conclusion*

The motion to dismiss the petition is hereby granted and this action is hereby dismissed, with costs.